IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2121-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | ORDER |
| DANIEL G. CARR, | ) | |
| Respondent. | ) | |

The matter now is before the court on petitioner's motion for relief from his civil commitment judgment pursuant to Federal Rule of Civil Procedure 60(b) (DE 67). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court denies petitioner's motion.

**BACKGROUND**

On September 2, 2009, petitioner was indicted in the United States District Court for the Middle District of Tennessee for failure to register as a sex offender pursuant to the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a). United States v. Carr, No. 2:09-CR-10-1 (M.D. Tenn. Sept. 2, 2009). The indictment alleged that petitioner failed to comply with the SORNA registration requirements in Tennessee when he traveled in interstate commerce from Tennessee to Mexico. (Id.) On November 24, 2010, petitioner entered a conditional guilty plea to the charge. Id. (M.D. Tenn. Nov. 24, 2010). On June 6, 2011, the court ordered petitioner committed to the custody of the United States Bureau of Prisons ("BOP") to be imprisoned for a

total term of 41months, followed by a life term of supervised release. (See id. (M.D. Tenn. June 6, 2011)).

On May 21, 2012, the government initiated an action under the Adam Walsh Child Safety and Protection Act of 2006, Pub. L. No. 109-248, 120 Stat. 587 (2006), ("Adam Walsh Act" or "Act") by filing its certification of petitioner as a sexually dangerous person pursuant to the Act. United States v. Carr, No. 12-HC-2121-FL (E.D.N.C. May 21, 2012). Although petitioner completed his federal sentence on June 1, 2012, the government's filing of the § 4248 certificate stayed petitioner's release from BOP custody pending the completion of the § 4248 civil commitment proceedings. See 18 U.S.C. § 4248(a). On March 5, 2013, this court conducted a bench trial under 18 U.S.C. § 4247(c) to determine whether to commit petitioner as a sexually dangerous person under 18 U.S.C. § 4248(d). Carr, No. 5:12-HC-2121-FL (E.D.N.C. Mar. 5, 2013). After the hearing, the court concluded that petitioner was a sexually dangerous person under § 4248(d), and ordered him committed to the custody of the United States Attorney General. (Id.)

On September 23, 2013, petitioner filed a motion to vacate his criminal conviction for failing to update his sex-offender registration in the Middle District of Tennessee before traveling to Mexico and asked to be released from civil commitment. Carr v. United States, No. 2:13-cv00091 (M.D. Tenn. Sept. 23, 2013). On February 20, 2014, the Middle District of Tennessee denied petitioner's § 2255 motion, and dismissed the action. Id. (M.D. Tenn. Feb. 20, 2014). On July 21, 2016, this court, in petitioner's commitment proceedings, ordered that petitioner be conditionally released from his civil commitment pursuant to 18 U.S.C. § 4248(e) subject to specific conditions such as supervision by the United States Probation Office, restrictions on who he may reside or associate with, continued treatment, and restrictions on internet use. Carr, No. 12-HC-2121-FL

(E.D.N.C. July 21, 2016) (DE 65) (full list of conditions to which petitioner was subject after his supervised release). On July 28, 2016, the BOP released petitioner from its custody into the community. See Fed. Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ [https://perma.cc/L3T7-2LPE].

On August 16, 2016, the United States Court of Appeals for the Sixth Circuit reversed the Middle District of Tennessee's denial of petitioner's § 2255 motion, and remanded the action to the Middle District of Tennessee court with instructions to set aside petitioner's SORNA conviction. See Carr v. United States, No. 14-5368, 2016 WL 4363159, at *3 (6th Cir. Aug. 16, 2016). The Sixth Circuit vacated petitioner's SORNA conviction because, under United States v. Nichols, 136 S. Ct. 1113, 1118 (2016), petitioner's statute of conviction did not require sex offenders to update their registration in the jurisdiction they were leaving. Id.; see Nichols, 136 S. Ct. at 1118; 18 U.S.C. § 2250(a). As for petitioner's request for release from civil commitment, the Sixth Circuit Court of Appeals construed such request as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and directed the United States District Court for the Middle District of Tennessee to transfer the § 2241 petition to this court. Id. On October 31, 2016, transfer was accomplished and petitioner was allowed to proceed with his § 2241 petition. United States v. Carr, No. 5:16-HC-2264-FL (E.D.N.C. Oct. 31, 2016). Respondent subsequently moved to dismiss.

On February 8, 2017, petitioner, in this civil commitment action, filed a motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(4),(5), and (6) from the court's March 5, 2013, judgment committing him as a sexually dangerous person. Carr, No. 12-HC-2121-FL (E.D.N.C. Feb. 8, 2017). The motion was fully briefed. On February 16, 2017, the court stayed petitioner's

3

§ 2241 proceeding pending disposition of petitioner's Rule 60(b) motion in the civil commitment action. Carr, No. 16-HC-2264-FL (E.D.N.C. Feb. 3, 2017).

**DISCUSSION**

"The consideration of Rule 60(b) motions proceeds in two stages." Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). First, movant must meet "three threshold conditions[:] . . . that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside." Id. (quotations omitted). "Once the movant has met the threshold showings, he must satisfy one of the six enumerated grounds for relief under Rule 60(b)." Id. at 266.

The government does not contest petitioner's ability to meet Rule 60(b)'s threshold requirements, and the court determines that petitioner has met the threshold conditions for relief. After meeting Rule 60(b)'s threshold requirements, a movant must then "satisfy one of the six enumerated grounds for relief under Rule 60(b)." Id. Petitioner seeks relief pursuant to subsections (b)(4), (5), and (6). Subsection (4) applies when "the judgment is void." An order is "void" only if the court lacked personal or subject matter jurisdiction or acted contrary to due process of law. Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005). Subsection (5) applies when the judgment "is based on an earlier judgment that has been reversed or vacated.[1]" Finally, subsection (6) applies if "any other reason . . . justifies relief." Although the language of Rule 60(b)(5) and (b)(6) is broad, both provisions have been construed narrowly. See Horne v. Flores, 557 U.S. 433, 447 (2009)

---

[1] Subsection (5) contains three separate clauses. Petitioner seeks relief solely pursuant to the clause providing relief when the judgment "is based on an earlier judgment that has been reversed or vacated. ((DE 67), p. 1).

4

("Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests . . . .").

A.  Rule 60(b)(4)

Petitioner seeks relief pursuant to Rule 60(b)(4) on the grounds that his civil commitment judgment is void because he was not in the legal custody of the BOP at the time of his certification under § 4248 due to the fact that his criminal judgment ultimately was vacated pursuant to the Court's ruling in Nichols. The parties agree that § 4248(a) provides for civil commitment of individuals "who [are] in the custody of the Bureau of Prisons." 18 U.S.C. § 4248(a); see United States v. Joshua, 607 F.3d 379, 382 (4th Cir. 2010). Section 4248(a) requires only that the person be "in the custody of the Bureau of Prisons" when the "Attorney General or any individual authorized by the Attorney General or the Director of the Bureau of Prisons" certifies that the person "is a sexually dangerous person," not when the court actually orders the person committed under 18 U.S.C. § 4248(d). See 18 U.S.C. § 4248(a).

The parties additionally agree that the Fourth Circuit addressed the meaning of "custody" in the context of § 4248 in United States v. Joshua, 607 F.3d 379, 382 (4th Cir. 2010). The petitioner in Joshua was an ex-Army officer who had been convicted in a court-martial for violating the Uniform Code of Military Justice ("UCMJ"), and was serving his term of imprisonment in a BOP facility under a "Memorandum of Agreement" entered into under the statutory authority of UCMJ Article 58. Joshua, 607 F.3d at 381–82. The Memorandum of Agreement specifically provided that "military prisoners within BOP facilities [would] remain 'in permanent custody of the U.S. Army,' which 'retain[ed] clemency authority.' " Id. at 382 (quoting the Memorandum Agreement).

5

While serving his UCMJ sentence in the BOP facility, the government filed a Certification of a Sexually Dangerous Person under section 4248(a) against the petitioner in Joshua. Id. at 382. The court held that the term "custody" in § 4248 does not refer to physical custody, but means legal custody and "requires the BOP to have ultimate legal authority over the person's detention." Id. at 388. The court determined that the Memorandum of Agreement authorized Joshua's confinement within a BOP facility, but did not transfer legal custody away from the Army. Id. at 389. Accordingly, the court in Joshua determined that the Army retained "ultimate authority over his detention," and, thus, had legal custody over Joshua. Id.

Here, petitioner's criminal judgment in the Middle District of Tennessee specifically directed that petitioner be committed to the custody of the BOP. See Carr, 2:09-CR-10-1 at p. 2 (M.D. Tenn. June 6, 2011). Petitioner does not dispute that he was in the BOP's physical custody on the date of his certification. Instead, he contends that the vacature of his SORNA federal criminal conviction divested the BOP of legal custody during that time period. In support of his claim, petitioner cites a recent case in this district in which the judge granted a petitioner's motion to dismiss a certification pursuant to § 4248 because the petitioner was in the physical custody, but not the lawful custody, of the BOP at the time he was certified. See United States v. Schmidt, 5:16-HC-2076-BO (E.D.N.C. May 13, 2016), appeal pending, No. 16-6731 (4th Cir. docketed May 26, 2016). The decision in Schmidt is distinguishable from this action because, in Schmidt, the petitioner's criminal conviction had been vacated and the 14-day automatic stay, pursuant to Federal Rule of Civil Procedure 62, had expired before the government filed its certification pursuant to § 4248(a). Id. p. 4. Unlike the petitioner in Schmidt, petitioner in this action was being held by the BOP pursuant to a valid

6

criminal judgment at the time he was certified.² It was not until after the certification and commitment that petitioner's federal criminal judgment was vacated. This distinction is determinative.

The court next considers petitioner's contention that the vacature of petitioner's SORNA conviction somehow divested the court of jurisdiction over petitioner's commitment proceedings. Generally, jurisdiction is assessed at the moment it attaches, and future events do not divest a court of jurisdiction. See, e.g., Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991) (collecting cases) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events."). The now vacated SORNA criminal judgment does not retroactively nullify the legal custody the BOP had over petitioner at the time the government certified him as a sexually dangerous person pursuant to § 4248. See 18 U.S.C. § 3621(a); see also, United States v. Dumonde, 386 F. App'x 839, 841 (4th Cir. 2010) (holding that the validity of the underlying conviction is not a defense to escape); see also, United States v. Welsh, No. 5:11-HC-2209-D (E.D.N.C. Mar. 16, 2017). Further, petitioner does not allege any bad faith or improper motive on behalf of the government. Finally, this court did not rely upon the now vacated SORNA conviction to support its judgment pursuant to the Adam Walsh Act.

Based upon the foregoing, the court holds that the BOP had "custody" of petitioner, for the purposes of § 4248(a), when petitioner was certified because the BOP had legal authority over

---

² In Schmidt, the Fourth Circuit subsequently reversed the Maryland District Court and remanded for reinstatement of the judgment of conviction on January 4, 2017. See United States v. Schmidt, 845 F.3d 153, 159 (4th Cir. 2017). The government has since re-filed a § 4248 certification against Schmidt on January 11, 2017. See United States v. Schmidt, 5:17-HC-2008-BO (E.D.N.C. Jan. 11, 2017).

petitioner's detention on that date. See Joshua, 607 F.3d at 382, 384–87 & n.4. As a result, the court did not lack jurisdiction over petitioner's civil commitment proceedings or act contrary to due process of law, and the court's judgment committing petitioner as a sexually dangerous person pursuant to § 4248 is not void under Rule 60(b)(4).

B. Rule 60(b)(5) and (6)

Petitioner asserts that he is entitled to relief pursuant to Rules 60(b)(5) and (6) because his civil commitment judgment was based upon his prior SORNA federal conviction which subsequently was vacated. Another court in this district recently addressed a nearly identical claim in United States v. Welsh, No. 5:11-HC-2209-D (E.D.N.C. Mar. 16, 2017). The court in Welsh determined that because the government met the custody requirement pursuant to § 4248(a) through the commitment proceedings, "it becomes more difficult for Welsh to overcome the judicial system's interest in finality of this court's judgment of commitment [], particularly given that the judgment [], arose after a trial under section 4248(c) at which the government proved its case by clear and convincing evidence under section 4248(d). Id.

The court in Welsh further pointed out that the petitioner's now-vacated criminal judgment, which served as a "gateway" for the petitioner's civil commitment, otherwise had nothing to do with Welsh's civil commitment proceedings. Id. Rather, "in deciding to commit Welsh as a sexually dangerous person under the Adam Walsh Act, the court focused on the overwhelming evidence on prongs one, two, and three under the Adam Walsh Act." Id. The equitable concerns present in this action are even less than those present in Welsh because the instant petitioner has been conditionally released from BOP custody. The court finds that the restraints on petitioner's liberty derived from the conditions of his release do not outweigh the public interest in petitioner being subject to the

terms of his conditional release. See id. Thus, the court DENIES petitioner's motion for relief from his civil commitment judgment pursuant to Rule 60(b)(5) and (6).

## CONCLUSION

Based on the foregoing, petitioner's motion for relief pursuant to Rule 60(b) (DE 67) is DENIED.

SO ORDERED, this the 27th day of June, 2017.

LOUISE W. FLANAGAN
United States District Judge